IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02869-RBJ

JEREMY OLIVE and
AMY OLIVE,

    Plaintiffs,

v.

SERGEANT THOMAS VERMILYE,
OFFICER JESSICA CHAINE,
JUDITH SCHNURR, and
CITY OF LONE TREE, COLORADO,

    Defendants.

## ORDER

On August 22, 2011 Defendant Judith Schnurr and her husband, Mark Schnurr, were having dinner at the Fish City Grill when they observed Jeremy and Amy Olive drinking what appeared to be margaritas. The Schnurrs believed that the Olives were intoxicated and questioned whether they were properly caring for their daughter who was with them. Judith Schnurr called the Lone Tree Police Department, and four officers responded to do a wellness check on the Olives. Mr. Olive was arrested and the Olives were initially charged with misdemeanor child abuse. Those charges were subsequently dropped.

Following this encounter, the Olives filed a lawsuit in the District Court for Douglas County, Colorado, asserting claims against two of the police officers involved (law enforcement defendants) and the City of Lone Tree under 42 U.S.C. § 1983 and against Judith Schnurr alleging state law claims [docket #3]. The City of Lone Tree and the law enforcement

defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. [#1]. The Olives have since settled their claims with the City of Lone Tree and the law enforcement defendants. All that remains are state law claims against Ms. Schnurr. On April 22, 2013 this Court ordered Ms. Schnurr to show cause as to why this Court has subject matter jurisdiction to take further action in this case other than dismissal or remand. [#28]. Ms. Schnurr has responded that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. [#31].

"Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (citing 28 U.S.C. § 1367). In addition to providing supplement jurisdiction, § 1367 also provides that a district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Additionally, the "Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion." *Estate of Harshman,* 349 F.3d at 1165 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Because no issues of federal law remain, this Court does not believe that the values of economy, convenience, fairness, or comity would be furthered by continuing to exercise supplemental jurisdiction over the remaining state law claims. This Court therefore *sua sponte* declines to exercise supplemental jurisdiction over the remaining state law claims and remands to state court.

**Order**

1. The Court *sua sponte* remands this case to state court.

2. Defendant's amended motion for summary judgment [#23] is DENIED as moot.

3. Plaintiff's motion to dismiss partially and remand [#25] is DENIED as moot.

4. Defendant's motion for a hearing/conference is [#27] is DENIED.

DATED this 8th day of May, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge